# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00143-MR
# (CRIMINAL CASE NO. 1:16-cr-00056-MR-DLH-1)

| | |
|---|---|
| YUMARKUA ROOSEVELT LITTLEJOHN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I. BACKGROUND

Petitioner was charged, along with a co-defendant, with conspiracy to distribute cocaine and cocaine base (Count One), and possession with intent to distribute cocaine base (Count Three). [Criminal Case No. 1:16-cr-00056-MR ("CR"), Doc. 3]. Petitioner pled guilty pursuant to a written Plea Agreement to Count Three in exchange for the Government's dismissal of Count One. In the Plea Agreement, Petitioner acknowledged that the statutory range of imprisonment was a minimum of five years and a

maximum of forty years. [CR Doc. 24 at 2]. Petitioner further acknowledged that the advisory sentencing guidelines apply and that the Court would not be bound by the parties' recommendations in determining the sentence. [Id.]. The parties agreed to jointly recommend that the amount of cocaine base attributable to Petitioner was 60.96 grams. [Id.].

Petitioner stipulated to the existence of a factual basis as set forth in the written Factual Basis filed with the plea agreement, that he read and understood the Factual Basis, and that it "may be used by the Court and the United States Probation Office without objection by the defendant to determine the applicable advisory guideline range or the appropriate sentence" unless Petitioner explicitly reserved any objections by noting them in the Factual Basis itself. [Id. at 4]. Petitioner expressly waived his rights to be tried by a jury, to receive the assistance of counsel at trial, to confront and cross-examine witnesses, and to not be compelled to incriminate himself. [Id.]. The agreement contained appellate and post-conviction waivers except with regard to claims of ineffective assistance of counsel and prosecutorial misconduct. [Id.].

The written Factual Basis provides, in relevant part:

> [The Rutherford County Sheriff's Office] applied for a state search warrant for LITTLEJOHN's residence. LITTLEJOHN was angry when officers executed the warrant at approximately 2:12 PM on August 3, 2015,

and had to be physically restrained. He told the officers that no one else was at the residence but his 10 year old son was sleeping inside.

Once the search began in earnest, officers found approximately 3 ounces of crack cocaine in the top dresser drawer in the master bedroom. In the second drawer they located 139 grams of marijuana and $1441 in US Currency. **In the closet they found $5400 in US Currency concealed in a shoe, two more ounces of marijuana, and a shotgun**. Another $912 was found in a male's pants pocket for a total of $7753.

At approximately 2:50 PM RCSO Detective Jamie Dunn advised LITTLEJOHN of his <u>Miranda</u> rights and asked him if he wanted to talk about the items seized. LITTLEJOHN agreed. When asked about the three ounces, LITTLEJOHN stated it was only '2 and some change.' He stated all the narcotics found in the room were his. LITTLEJOHN stated he was just a user and Detective Dunn stated he didn't think three ounces were user amounts, to which LITTLEJOHN responded that he did what he needed to do. **LITTLEJOHN stated that the shotgun belonged to his wife**.

[CR Doc. 25 at 3 (emphasis added)].

At a Rule 11 hearing before Magistrate Judge Dennis Howell, Petitioner stated under oath that he understood the nature of the proceedings; that he had read the Indictment and reviewed it with counsel; that he had read and understood the Plea Agreement and reviewed it with counsel; that he understood the offense elements, sentencing exposure, and

3

consequences of the plea including the rights he was waiving; and that he was pleading guilty because he is guilty of that offense. [CR Doc. 26 at 1-7].

In the Presentence Investigation Report ("PSR"), the probation officer recommended a base offense level of 24 based on Petitioner's admitted responsibility for 60.96 grams of cocaine base. [CR Doc. 43 at ¶ 29]. The probation officer recommended adding two levels pursuant to U.S. Sentencing Guidelines § 2D1.1(b)(1) due to the fact that "[t]he investigation determined the defendant possessed a dangerous weapon at the time of the instant offense." [Id. at ¶ 30]. The probation officer recommended deducting three levels for acceptance of responsibility, resulting in a recommended total offense level of 23. [Id. at ¶¶ 36-38]. With a criminal history category of III, the resulting recommended Guidelines range was 60 to 71 months' imprisonment and between four and five years of supervised release. [Id. at ¶¶ 87, 90].

Defense counsel filed several objections to the PSR, including an objection to the two-level enhancement for possession of a dangerous weapon, as recommended in paragraph 30 of the PSR. Specifically, counsel argued:

> Mr. Littlejohn objects to the two-level enhancement for possession of a dangerous weapon at the time of the instant offense, pursuant to U.S.S.G. § 2D1.1(b)(1). **Mr. Littlejohn's partner, Talina**

4

> **Carson, purchased the gun for her protection and kept it in her closet. She did not make Mr. Littlejohn aware of the purchase. She made a declaration of these facts, which she signed. When asked about the shotgun at the time of the search, Mr. Littlejohn told law enforcement the shotgun was not his**.
>
> …Here, Mr. Littlejohn was unaware of the presence of the firearm. The factual basis indicates no use of any dangerous weapon, including the shotgun, at any of the suspected drug transactions. Mr. Littlejohn has no history of ever using, possessing, or owning a firearm or shotgun. No connection has been made that the shotgun was ever used as part of the offense conduct.

[CR Doc. 40 at 1-2 (emphasis added)].

Petitioner's sentencing hearing was held on December 13, 2016. At that time, the Court adopted the PSR without change and sentenced Petitioner to 60 months' imprisonment, which was at the bottom of the Guidelines range. [CR Docs. 46, 47]. Judgment was entered on December 22, 2016. [CR Doc. 46]. Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on May 10, 2018. In his motion, Petitioner argues that counsel was ineffective in the "final plea negotiations" and at sentencing for failing to properly argue that the two-level firearm enhancement did not apply because he was not in "possession" of a firearm during the drug offense. Petitioner notes that this enhancement is affecting his ability to receive credit for his participation in the Residential

Drug Abuse Program ("RDAP"), which he began in March 2018. In support of his argument, Petitioner submits the July 19, 2016, declaration of his partner Talina Carson, who states that the shotgun seized by police was hers, that Petitioner was not living with her when she purchased it, and that, to her knowledge, he was unaware of its presence in her home. [Doc. 1 at 15].

In the section of the § 2255 petition entitled "TIMELINESS OF MOTION," Petitioner states "[t]his is Newly Discovered upon Littlejohn's entry into the RDAP (Drug Program) March 2018." [Doc. 1 at 10].

II. **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be

resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[1]

Petitioner's conviction and sentence became final on January 5, 2017, when the time for filing a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 F. App'x 294, 295-96 (4th Cir. 2011). Thus, Petitioner had one year from that date, until January 5, 2018, to timely file a § 2255 Motion to Vacate. Petitioner filed the instant § 2255 Motion to Vacate more than four months later on May 10, 2018. Therefore, Petitioner's Motion is untimely pursuant to § 2255(f)(1).

Petitioner appears to argue that his Motion is timely under § 2255(f)(4), as it was filed within one year of March 2018, when he learned that the firearm enhancement would prevent him from receiving credit for RDAP participation. Petitioner's reliance on § 2255(f)(4), however, is misplaced. The plain language of § 2255(f)(4) requires a petitioner to show the existence of a new "fact" while also demonstrating that he acted with diligence to discover the fact. E.J.R.E. v. United States, 453 F.3d 1094 (8th Cir. 2006).

---

[1] *Pro se* petitioners are generally entitled to notice and an opportunity to be heard before a § 2255 petition is dismissed *sua sponte* as time-barred. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). No such notice was required in the instant case because Petitioner addressed limitations in his § 2255 Motion to Vacate and has expressed no confusion about the issue. See, e.g., Villareal v. United States, No. 3:17-cv-71-RJC, 2017 WL 779946, at *3 n.3 (W.D.N.C. Feb. 27, 2017) (dismissing § 2255 petition *sua sponte* where petitioner addressed the statute of limitations thoroughly in his petition and expressed no confusion over the timeliness issue).

For purposes of § 2255(f)(4), a "fact" is "an actual or alleged event or circumstance, but not . . . the date a petitioner realizes the legal significance of such an event." Kelley v. United States, No. 3:13-cv-276, 2013 WL 1966045, at *2 (W.D.N.C. May 10, 2013) (citing United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005)). Section 2255(f)(4) is applicable when a fact could have been discovered through the exercise of due diligence, and not when it was actually discovered. Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002). This is an objective test, requiring the court to determine when a duly diligent person in petitioner's circumstances would have discovered the fact in the totality of the circumstances. Hannigan v. United States, 131 F.Supp.3d 480, 488 (E.D.N.C. 2015).

Here, the "fact" upon which Petitioner relies – the firearm enhancement's effect on his ability to earn RDAP credit – is a legal consequence and not an actual event or circumstance that would trigger § 2255(f)(4). See Kelley, 2013 WL 1966045, at *2. Further, the information is not "new" because his partner's alleged ownership of the shotgun was known to Petitioner at the time of the plea and sentencing. [See CR Doc. 25 at 3;

9

CR Doc. 40 at 1-2]. Therefore, Petitioner's motion is not timely under § 2255(f)(4).[2]

Finally, Petitioner has presented no grounds that warrant equitable tolling. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) ("§ 2255's limitation period is subject to equitable modifications such as tolling."). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 560 U.S 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Here, Petitioner can show neither due diligence nor that an extraordinary circumstance prevented him from filing a timely motion.

To the extent Petitioner suggests that he is actually innocent of the firearm enhancement, this claim also fails. The Supreme Court has

---

[2] Petitioner does not appear to make any argument that his Motion is timely under § 2255(f)(2) or (f)(3), and there is no indication in the record that these subsections are in any way applicable.

recognized a limited "actual innocence" exception to certain procedural bars to habeas review. Under that exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986) (emphasis added). "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin v. Perkins, 569 U.S. 383, 393 (2013). This fundamental miscarriage of justice exception is grounded on the "equitable discretion" of habeas courts to see that "federal constitutional errors do not result in the incarceration of innocent persons." Herrera v. Collins, 506 U.S. 390, 404 (1993). To make such a showing, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995). The Fourth Circuit has declined to extend the reasoning of McQuiggin, in which the petitioner claimed actual innocence of his crime of conviction, to the sentencing context. United States v. Jones, 758 F.3d 579 (4th Cir. 2014); Artis v. United States, No. 3:18-cv-156-MOC, 2018 WL 2303729, at *3 (W.D.N.C. May 21, 2018) (rejecting § 2255

11

petitioner's claim that he is actually innocent of career offender sentencing). Therefore, Petitioner's claim that he is actually innocent of the firearm enhancement does not excuse him from the one-year statute of limitations.

Even if the instant § 2255 Motion to Vacate were not time-barred, it is meritless. First, Petitioner's claim that counsel was ineffective with regards to plea negotiations is facially insufficient because Petitioner does not allege that, but for counsel's deficiency with regards to the firearm enhancement, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (to satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

Second, Petitioner's claim that counsel was ineffective with regard to sentencing is conclusively refuted by the record. Petitioner admitted in the written Factual Basis that when police seized a shotgun from his home that he told officers it belonged to his wife. [CR Doc. 25 at 3]. By so stating that the firearm belonged to his wife, Petitioner acknowledged that he was aware of its presence. Petitioner agreed to this statement, as it was included in the Factual Basis statement that was adopted at the Rule 11 hearing. Furthermore, Application Note 11(A) to U.S.S.G. § 2D1.1 instructs that "[t]he enhancement [for possession of a dangerous weapon] should be applied if

the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Here, the firearm was found with some of the drugs at issue, as well as the currency proceeds. Therefore, Petitioner has failed to explain what more counsel could have done that had a reasonable probability of resulting in a different outcome.

For all of these reasons, Petitioner's Motion to Vacate will be dismissed with prejudice as time-barred and, alternatively, denied on the merits.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate with prejudice as time-barred and, alternatively, denied on the merits.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: July 7, 2018

Martin Reidinger
United States District Judge